UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE MARCIAL,

         Petitioner,

**DECISION AND ORDER**
**No. 08-CV-06188T**

  -vs-

ROBERT ERCOLE,

         Respondent.

_____

**I. Introduction**

*Pro se* Petitioner Jose Marcial ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered July 15, 2003, in New York State, Supreme Court, Monroe County, convicting him, after a jury trial, *in absentia*, of Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law ("Penal Law") § 220.21 [1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16 [1]), and Criminally Using Drug Paraphernalia (Penal Law § 220.50 [2]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

As a result of an extensive, ongoing investigation into a drug distribution ring in the City of Rochester, New York, Petitioner was charged under two indictments with several drug offenses.

Under the first indictment, Petitioner was charged jointly with Lourdes Marcial, Petitioner's niece, with criminal possession of a controlled substance in the third degree based on possession of heroin at 1283 Clifford Avenue. Those drugs were discovered on December 13, 2002 when the police executed a search warrant at a store owned by Lourdes and her husband Enrique Marcial. At the time the warrant was executed, Petitioner was at the store. Petitioner was searched and a quantity of heroin and money was found on his person. Drugs and currency were also found at various locations throughout the store. Trial Tr. [T.T.] 112-126.

Under the second indictment, Petitioner was charged jointly with Lourdes Marcial with criminal possession of a controlled substance in the first and third degrees and two counts of criminally using drug paraphernalia at 1025 Portland Avenue, a detached garage located next to 1013 Portland Avenue, the residence of Lourdes and Enrique Marcial. The drugs and associated paraphernalia were found by police, acting pursuant to a search warrant, on December 13, 2002. At this location, police also found documentation tying the location to Petitioner. T.T. 135-186.

Extensive pre-trial proceedings were conducted, including, but not limited to, a hearing to consider the People's motion to consolidate the indictments for trial. Over objection by the defense, the trial court granted the People's motion. Hr'g Mins. [H.M.] of 04/16/03, 2-7.

On May 16, 2003, a trial was held *in absentia*.[1] Petitioner was found guilty as charged. He was subsequently sentenced to twenty years to life on the criminal possession of a controlled substance in the first degree charge, five to fifteen years on each count of criminal possession of a controlled substance in the third degree, and one year imprisonment on the criminal use of drug paraphernalia in the second degree charge. All sentences were set to run concurrent, except for one sentence for criminal possession of a controlled substance in the third degree, which was ordered to run consecutive to the other sentences. Sentencing Mins. [S.M.] of 07/15/03, 3-4. After Petitioner was apprehended pursuant to the bench warrant, he was resentenced by Judge Stephen R. Sirkin on February 17, 2004. S.M. of 02/17/04, 3.

Petitioner's judgment of conviction was unanimously affirmed by the Appellate Division, Fourth Department on June 8, 2007.

---

[1] Despite having been informed several times of his right to be present at trial and the consequences of failing to appear, Petitioner failed to appear on the date of the trial. Efforts were made by counsel and the People to locate him, but without success. Defense counsel requested an adjournment, which was denied. A bench warrant was issued, but the trial proceeded *in absentia*. H.M. of 03/17/03, 3; H.M. of 04/30/03, 4; T.T. 6-10.

People v. Marcial, 41 A.D.3d 1308 (4th Dept. 2007); lv. denied, 9 N.Y.3d 878 (2007).

No collateral motions were filed.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) ineffective assistance of trial counsel; and (2) harsh and excessive sentence. Pet. ¶12, Grounds One-Two (Dkt. #1); Pet'r Traverse and Mem. of Law in Supp. for Writ of Habeas Corpus [Mem.] (Dkt. #12).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S.

362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness

-5-

by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

    **1. Ineffective Assistance of Trial Counsel**

Petitioner argues that he was deprived of his Sixth Amendment right to the effective assistance of counsel based on, *inter alia*, counsel's failure to: (1) make an opening statement; (2) oppose the People's Molineux application; and (3) move to suppress evidence. Pet. ¶12, Ground One; Mem., 12-15. Petitioner raised this issue on direct appeal, and it was rejected on the merits. The Appellate Division determined, in part, "that the cumulative effect of defense counsel's alleged deficiencies viewed in totality and as of the time of the representation, did not deprive [Petitioner] of effective assistance of counsel." Marcial, 41 A.D.3d at 1309.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that

[his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690. Actions or omissions by counsel that "might be considered sound trial strategy" do not constitute ineffective assistance. Strickland, 466 U.S. at 689; see also Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998).

**(A) Failure to Make an Opening Statement**

First, Petitioner points to counsel's waiver of an opening statement to support his contention that he received ineffective assistance of trial counsel. Mem., 14-15. "However, the decision whether to make an opening statement and when to make it is ordinarily a matter of trial tactics and strategy which will not constitute the incompetence basis for a claim of ineffective assistance of counsel." United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987), cert. denied, 484 U.S. 958 (1987) (citing United States v. Rodriguez-Ramirez, 777 F.2d 454, 458 (9th Cir. 1985)); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam). Counsel's choice of strategy was certainly reasonable under the circumstances. Here, Petitioner voluntarily absented himself from the trial, thereby depriving counsel of the benefit of conferring with him on various aspects of trial strategy. By

waiving opening statement, trial counsel did not commit itself to a particular position and was free to develop any defense that might materialize as the prosecution presented its case and the trial unfolded. Jones v. Smith, 772 F.2d 668, 674 (11th Cir. 1985), cert. denied, 474 U.S. 1073 (1986).

Moreover, the Court notes that although counsel chose not deliver an opening statement, he did deliver a powerful and carefully-crafted closing statement.[2] In this closing argument, he methodically and succinctly summarized the evidence presented, pointed out the weaknesses in the prosecution's case, and urged the jury to weigh all of the evidence before making its ultimate determination. Additionally, and perhaps most significantly, trial counsel repeatedly reminded the jury that the burden of proof lies with the prosecution, not the defense -- a point which Petitioner faults counsel for having failed to convey/emphasize in an opening statement. See Mem., 15; T.T. 226-235.

Accordingly, the Court finds that Petitioner has failed to overcome the presumption that counsel's decision not to give an opening statement was reasonable. This portion of Petitioner's ineffective assistance of counsel claim is denied.

---

[2] In fact, in his closing argument, the prosecutor acknowledged that "[defense counsel] is a very experienced attorney and very forceful speaker." T.T. 236. Nonetheless, he encouraged the jury to stay focused on the "mountains of evidence" of Petitioner's guilt and to not be distracted by defense counsel's proficiency as a public speaker. T.T. 236.

**(B) Failure to Oppose the People's Molineux Application**

Next, Petitioner argues that he received ineffective assistance of counsel based on counsel's failure to oppose the People's Molineux[3] application. Mem., 12-13. This contention is belied by the record, which shows that defense counsel did, in fact, orally oppose the People's application at a pre-trial hearing on April 29, 2003. H.M. of 04/29/03, 7. Defense counsel stated, on the record, that he had not seen the People's application until the morning of the hearing, and had not had a chance to review it in any detail. Nonetheless, he vehemently voiced his opposition to the application, arguing against the admission of certain "bad act evidence" and explaining, in detail, how it would unfairly prejudice his client, if admitted. Id. at 7-8. The trial court listened to both parties' arguments and determined that it would reserve decision on the issue. Id. at 10.

This contention, therefore, provides no basis for habeas relief and is denied.

**(C) Failure to Move to Suppress Evidence**

Finally, Petitioner contends that he received ineffective assistance of counsel because counsel failed to challenge the legality of the search warrants and to seek suppression of the physical evidence found on his person. Mem., 13-14. Because

---

[3] People v. Molineux, 168 N.Y. 264 (1901) permits a defendant's prior criminal and bad acts to be admitted as direct evidence in the prosecution's case under certain circumstances.

Petitioner's ineffective assistance claim is based on an alleged failure to raise a Fourth Amendment issue, "he must also show 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006) (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). Petitioner has not endeavored to make any such showing. See, e.g., Mosby v. Senkowski, 470 F.3d at 519-21 & n. 3 (analyzing the merits of the suppression claim in a way that suggests that the court interpreted "meritorious" to mean that the suppression claim would actually succeed); Maldonado v. Burge, 697 F.Supp.2d 516, 528 (S.D.N.Y. 2010) ("The weight of the authority and the logic of Kimmelman suggest that petitioner must show, at minimum, a reasonable probability that the suppression motion would succeed, and quite possibly that [ ] the suppression motion would in fact succeed.").

Here, the record reflects that the two search warrants pursuant to which the evidence supporting both indictments was seized, were sealed by court order and not available to defense counsel. See Marcial, 41 A.D.3d at 1308-09. Indeed, as Petitioner argued on direct appeal, an effort at *in camera* review could have been made by trial counsel. See Appellant's Br., 11 (Resp't App. B). However, the record before this Court provides no basis for questioning the validity of the search warrants, and, to that

extent, the Court cannot find that the trial counsel's decision not to challenge the search warrants was unreasonable.

Furthermore, the record also reflects that, prior to trial, counsel filed numerous omnibus motions under each indictment seeking a variety of relief. He zealously argued against consolidation of the indictments for trial, appropriately highlighting the possible prejudice resulting to his client. He actively sought discovery, <u>Brady</u> material, opposed the People's <u>Molineux</u> application, and moved for dismissal of the indictment based on grand jury insufficiency. Furthermore, and rather notably, he moved for suppression of identification evidence, as well as statements made by Petitioner to police at the time of his arrest. <u>See</u> H.M. of 04/16/03-04/29/03. To the extent that trial counsel pursued numerous avenues of pre-trial relief, the Court cannot conclude that trial counsel's decision not to challenge the legality of the search warrants and to seek suppression of the physical evidence found on Petitioner's person fell outside the category of "omissions by counsel that might be considered sound trial strategy." <u>Henry v. Poole</u>, 409 F.3d 48, 63 (2d Cir. 2005). This portion of Petitioner's ineffective assistance of counsel claim is denied.

In sum, the Court finds that, overall, Petitioner received effective assistance of trial counsel. As discussed above, Petitioner has failed to overcome the presumption that counsel's

performance was constitutionally deficient. In any event, *assuming arguendo*, that Petitioner was able to meet the first prong of Strickland, he is unable to make out a successful showing of prejudice. That is, the evidence of Petitioner's guilt was overwhelming, such that there is no reasonable probability that the outcome of the trial would have been different, but for trial counsel's alleged errors. See Strickland, 466 U.S. at 693 (even serious errors by defense counsel do not warrant granting federal habeas relief where the conviction is supported by overwhelming evidence of guilt).

The Court cannot find, therefore, that the state court's determination of this issue was contrary to or an unreasonable application of Strickland. Petitioner's ineffective assistance of counsel claim is denied.

**2. Harsh and Excessive Sentence**

Petitioner argues that his sentence was harsh and excessive. Pet. ¶12, Ground Two; Mem., 15-20. Petitioner raised this claim on direct appeal and it was rejected on the merits. Petitioner's claim is not cognizable by this Court on habeas review.

It is well-settled law that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute,

its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff' mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in the instant proceeding.

Here, Petitioner was sentenced to twenty years to life on the criminal possession of a controlled substance in the first degree charge (a Class A-I felony) and five to fifteen years on each count of criminal possession of a controlled substance in the third degree (Class B felonies). See Penal Law §§ 220.21 [1], § 220.16 [1]. These terms are within the ranges prescribed by New York law for one Class A-I felony and two Class B felonies. See Penal Law § 70.00.

Accordingly, habeas relief is unavailable to Petitioner, and the claim is denied.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a

substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    August 19, 2010
          Rochester, New York